**Cherilynn M. LURF, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner, Social Security Administration, Defendant—Appellee.**

No. 03–35586.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2005.[*]

Decided Jan. 18, 2005.

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before: SCHROEDER, Chief Judge, and GOODWIN and GRABER, Circuit Judges.

MEMORANDUM **

Plaintiff Cherilynn M. Lurf appeals from a denial of disability and supplemental security income benefits. We review de novo her denial of benefits, *see Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999) (stating the standard of review), and affirm.

■ The administrative law judge (ALJ) fully and fairly developed the record. He questioned Plaintiff about her depression and back pain and their effects on her daily life, in addition to asking about her education, past work history, and medication use. The ALJ also had a medical expert testify to assess Plaintiff's medical history and a vocational expert testify regarding jobs Plaintiff could perform. Plaintiff's past medical history and the testimony elicited at trial were sufficient to present a full and clear picture of her impairments. Consequently, the ALJ did not need to develop the record further. *See Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir.2001) (stating that an ALJ's duty to develop the record is triggered by ambiguous or inadequate evidence in the record).

■ Substantial evidence supports the agency's finding that Plaintiff's impairments did not rise to the level of a disability. Dr. Taylor, her treating physician, counseled Plaintiff to obtain light work.

Denice Patrick, Lynnwood, WA, for Plaintiff–Appellant.

Thomas Elsberry, SSA—Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

In addition, Dr. Gustafson conducted a psychological evaluation of Plaintiff and found her capable of employment. These opinions were affirmed by Drs. Reade and Goldberg, two agency reviewing physicians, and Dr. Linder, the medical expert who testified at Plaintiff's hearing. *See Tonapetyan v. Halter,* 242 F.3d 1144, 1150 (9th Cir.2001) (giving greater weight to treating physician's testimony).

■ Plaintiff's waiver of her right to counsel was voluntary. She has provided no evidence to suggest that she did not understand, or did not voluntarily waive, her right to counsel.

■ The ALJ's failure to mention two lay reports submitted with Plaintiff's application is not reversible error. The ALJ's findings are not contrary to the substance of the reports, so Plaintiff cannot show that the ALJ disregarded them. *See Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir.1987) (stating standard for reversal when lay testimony is disregarded).

AFFIRMED.